LEWIS W. JAMES, RESPONDENT, v. HENRY HAMILTON, APPELLANT.

*Contract for sale of stock — when not deemed executory.*

The plaintiff delivered to the defendant a bill of sale of certain stock, which recited that the stock had been that day transferred to the defendant, but that the plaintiff was to hold the same for the payment of a note, given by the defendant for the purchase-price of the stock, and which bill of sale also contained an agreement on the part of the plaintiff to deliver the stock upon the payment of the said note. In this action, brought upon the note after its maturity, *held*, that the agreement implied a present and executed sale of the stock, with the agreement that the plaintiff should hold the same as collateral to the note, and that it was unnecessary for him to make any tender of the stock, or any formal transfer thereof on the books of the company, until the defendant should have paid the note, or, at least, tendered the amount due thereon.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

On the 1st. day of November, 1870, the plaintiff and defendant entered into an agreement for the sale of certain stock, in pursu-

ance of which, the plaintiff delivered to the defendant the following agreement:

WILLIAMSBURGH, *November* 1st, 1870.

I do hereby agree to deliver to Henry Hamilton, of Brooklyn, E. D., 500 shares, as follows:

Certificate No. 160, for............................ 100 shares.
Certificate No. 197, for............................ 100 "
Certificate No. 149, for......................... .... 100 "
Certificate No. 159, for............................ 200 "

of the Grand Street and Newtown Railroad Company, of Brooklyn, E. D., upon the payment of a certain note of the said H. Hamilton, dated November first, for four thousand seven hundred and fifty dollars ($4,750), the said stock having been this day transferred to the said Hamilton, and to be held by me for the payment of said note.

LEWIS W. JAMES.

On the same day the defendant made and delivered to the plaintiff his note for the sum of $4,750, for the recovery of which sum this action was brought.

*Dailey & Perry*, for the appellant.

*Britton, Ely & Snell*, for the respondent.

TALCOTT, J.;

This was an action upon a note, given on the sale of stock of the Grand Street and Newtown Railroad Company. At the time of the making of the note, the plaintiff delivered to the defendant a bill of sale of the stock, reciting that the stock had been that day transferred to the defendant, but that the plaintiff was to hold the same for the payment of the note, and containing an agreement on the part of the plaintiff to deliver the stock, specifying the particular certificates, upon the payment of the note. The defendant seeks to treat this as an executory agreement for the sale of the stock, and objects that the plaintiff has never made an actual tender of the certificates, or caused the same to be transferred to the defendant on the books of the railroad company.

We think this is not the true interpretation of the papers; but that they import a present and executed sale of the stock, with the agreement that the plaintiff should hold the same as collateral to the note ; and that it was unnecessary for the plaintiff to make any tender of the stock, or any formal transfer thereof on the books of the railroad company, until the defendant should have paid the note ; or at least until he should tender the amount due thereby.   No fraud or misrepresentation as to the title to the stock is claimed in the answer, but only that the stock has not been, in fact, transferred or tendered to the defendant.   These views seem to answer all the objections and exceptions presented by the defendant, who, in case the plaintiff's title to the stock should fail, will have his action to recover the value of it when he shall have paid his note.

The judgment is affirmed.

Present — BARNARD, P. J., TALCOTT and TAPPEN, JJ.

Judgment affirmed.